(No. 3425—)

AMY BROKMYER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

. *Opinion filed May 15, 1940.*
*Supplemental opinion filed December 10, 1940.*

CLAIMANT, pro se.

JOHN E. CASSIDY, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

The claimant in this case, Amy Brokmyer, resides at Shawneetown, Illinois, and is the widow of Cecil Brokmyer.

The latter was first employed by the State of Illinois, Division of Highways, as a highway maintenance police officer on March 17, 1933. His salary after January 1, 1936, was $175.00 a month, the latter being his rate of pay at the time of his death. Throughout his employment he was assigned to District 13 of the Bureau of Police, with headquarters at DuQuoin.

On the night of November 15, 1939, Officer Brokmyer and Officer Fred Holper were on duty and received information from the city police of Harrisburg that a robbery had been committed by Willard Shockley in Harrisburg. Immediately they began a search for Shockley.

· The officers learned that Shockley was inside a gas station at the north limit of Carrier Mills, Illinois, with his automobile awaiting repairs. Officer Brokmyer opened the large garage door, entered the garage, approached Shockley, and Shockley shot him.

Officer Brokmyer was transported to the Lightner Hospital at Harrisburg, where he was attended by Drs. N. A. Herrmann and G. R. Johnson of Harrisburg. Officer Brokmyer died November 19, 1939.

At the time Cecil Brokmyer was shot the claimant was dependent upon him for support. At the time of the accident he had a son, William, 22 years of age, who had suffered in-

fantile paralysis during his infancy, which affected him physically and has left him at the present time a mental incompetent, and who was totally and permanently dependent on the claimant. The affliction and deficiency of the young man are obvious to a casual observer.

Cecil Brokmyer was paid full salary at the rate of $175.00 a month from the time of the accident on November 15 until the time of his death on November 19, and all hospital and medical expense in connection with this case in the sum of Two Hundred Forty-six Dollars and Eleven Cents ($246.11) has been paid by the Highway Division.

Upon consideration of the facts in the record we find the following:

That on November 15, 1939, claimant's intestate and respondent were operating under the provisions of the Workmen's Compensation Act of this State; that on said date Cecil Brokmyer sustained accidental injuries which arose out of and in the course of his employment from which he died November 19, 1939; that notice of such accident was given to respondent and claim for compensation on account thereof was made within the time required by the provisions of the Workmen's Compensation Act.

That the necessary first aid medical, surgical and hospital services were provided by respondent and wages in full paid to date of death.

That at the time of the accident in question claimant was forty-eight years of age and that his wife, the claimant herein, and their son, William Brokmyer, were both totally dependent upon him for support.

That the earnings of the claimant during the year next preceding his injury were Twenty-one Hundred Dollars ($2,100.00) and his average weekly wage was Forty Dollars and Thirty-eight Cents ($40.38).

That under the provisions of Section 7 (a) of the Workmen's Compensation Act claimant is entitled to receive from respondent payment of a sum equal to four times the annual wages of her husband, but not to exceed $4,000.00; that payment thereof shall be made in weekly installments which are increased, under the provisions of Section 8, Sub-section 1, of the Act (as amended) to a maximum of Sixteen Dollars and Fifty Cents ($16.50) per week. That Twenty-six (26) weeks have elapsed between November 19, 1939, and May 13,

1940, and the sum of Four Hundred Twenty-nine Dollars ($429.00) has accrued therefore, to which claimant is entitled at this time.

An award is therefore made in favor of claimant, Amy Brokmyer, by reason of the dependency of herself and adult dependent son, William Brokmyer, in the sum of Four Thousand Dollars ($4,000.00), of which Four Hundred Twenty-nine Dollars ($429.00) is payable instanter and the balance of Three Thousand Five Hundred Seventy-one Dollars ($3,571.00) is payable in weekly installments of $16.50 per week, commencing as of May 20, 1940.

This award being subject to the provisions of an Act entitled "An Act making an Appropriation to Pay Compensation Claims of State Employees and providing for the Method of Payment Thereof" (Illinois Revised Statutes, 1939, Bar Association Edition, Chapter 127, Pars. 180-181), and being subject also to the terms of an Act entitled "An Act making Appropriations to the Auditor of Public Accounts for the Disbursement of Certain Monies until the Expiration of the First Fiscal Quarter after the Adjournment of the next Regular Session of the General Assembly," approved July 1, 1939 (Session Laws 1939, page 117) ; and being, by the terms of the first mentioned Act, subject to the approval of the Governor, is hereby, if and when approval is given, made payable from the appropriation from the Road Fund in the manner provided by the foregoing Acts.

### SUPPLEMENTAL OPINION.

By Mr. Justice Yantis:

This matter now again comes before the court upon the petition of Ella May Phillips, Conservator of William Brokmyer, incompetent, and it appearing to the court that an award in the sum of $4,000.00 was hereinbefore entered in this cause on May 15, 1940, in favor of Amy Brokmyer, by reason of the dependency of herself and adult son, William Brokmyer. And it further appearing that of said award $429.00 was payable instanter and the balance of $3,571.00 was payable in weekly installments of $16.50 per week, commencing as of May 20, 1940, and further that the aforementioned claimant, Amy Brokmyer, subsequently on September 10, 1940, died, leaving said physically and mentally incompe-

tent son, William Brokmyer, surviving. And it further appearing that said petitioner herein, Ella May Phillips, has been duly appointed Conservator of said William Brokmyer by the County Court of Gallatin County, Illinois.

And it further appearing that said award originally entered herein was granted for the benefit of both the surviving widow and incompetent and dependent child of Cecil Brokmyer, the court now finds that said payments of $16.50 per week should be continued for the benefit of said William Brokmyer under the provisions of Section 7 (a) of the Workmen's Compensation Act of Illinois.

IT IS THEREFORE HEREBY ORDERED that the payment of $16.50 per week heretofore payable for the use of Amy. Brokmyer and William Brokmyer, be resumed and continued to Ella May Phillips as Conservator for the said William Brokmyer, for the use of the said William Brokmyer.